IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Robert Holland Koon, # 227826, *a/k/a Robert Koon a/k/a Robert H. Koon*, | ) C/A No.: 2:14-2663-RBH-WWD ) ) |
| Plaintiff, | ) ) |
| vs. | ) **REPORT AND RECOMMENDATION** ) |
| Brandy Walker McBee, J. Mark Hayes, and Desiree Allen, | ) ) ) |
| Defendants. | ) ) ) |

Plaintiff, Robert Holland Koon ("Plaintiff" or "Koon"), proceeding pro se and in forma pauperis, brings this civil action against Defendants. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and to submit findings and recommendations to the District Court.   After careful review, the undersigned recommends that Plaintiff's Complaint be summarily dismissed, without prejudice and without issuance and service of process, for the reasons stated below.

## PRO SE AND IN FORMA PAUPERIS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978).   The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of

proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. §1915(e)(2)(B)(i), (ii), (iii).  Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte.  Neitzke v. Williams, 490 U.S. 319 (1989).

This Court is required to liberally construe pro se documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5 (1980) (per curiam).  Even under this less stringent standard, however, a pro se complaint is subject to summary dismissal.

The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court.  Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Dep't. of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## BACKGROUND

Plaintiff, who is currently incarcerated at Lieber Correctional Institution of the South Carolina Department of Corrections, appears to file the instant action pursuant to 42 U.S.C. § 1983.[1]  Plaintiff has named the following as Defendants: Brandy Walker McBee,

---

[1]Plaintiff also cites to 42 U.S.C. § 1985 and 42 U.S.C. § 1986. (See Dkt. No. 1 at 4 of 9.)

Cherokee County Clerk of Court; J. Mark Hayes, a South Carolina Circuit Court Judge; and Desiree Allen, Director of South Carolina Court Administration. (See Dkt. No. 1 at 2 of 9.) Plaintiff alleges that Defendants "acting individually and in conspiracy, are denying [Plaintiff] access to the courts" in violation of the United States Constitution. (Dkt. No. 1 at 3 of 9.)

In what Plaintiff entitles his "first cause of action," Plaintiff complains that Defendants are denying him access to the courts by refusing to follow Judge Hayes' August 5, 2009, "Order Restricting Filings of the Applicant."[2] It appears that Plaintiff is attempting to once more challenge his convictions by filing an application for post-conviction relief ("PCR"). Plaintiff alleges as follows:

> On several different occasions since February 2014 [Plaintiff] sent to McBee notarized (PCR) applications with explanations as to "why" (PCR) was not time barred or successive and a notarized affidavit of good faith that action has substantial merit based upon after discovered evidence pur. to McCoy v. State, 737 S.E.2d 623 (S.C. 2013) of juror misconduct and judicial misconduct pur [sic] re Wilder, 516 S.E.2d 927 (S.C. 1999) along with motions to proceed without the "judicially created filing-fee" created by Fiat of Hayes on Aug. 5, 2009.

---

[2]The Order Plaintiff references was entered in Koon v. South Carolina, 2007-CP-11-208, on August 5, 2009, after a hearing on the State's Motion to Restrict Future Filings. (See Dkt. No. 203-1 in 8:05-cv-2523-RBH.) That Order provided, *inter alia*,

> 1. The Clerk of Court is directed to refuse to accept further petitions and applications from the Applicant asking the Court to entertain matters unless he pays a filing fee generally required for filing motions and petitions with this Court.
> 2. The Applicant is prohibited from filing any legal actions in any jurisdiction in South Carolina without submitting the requisite filing fees and providing a properly notarized affidavit certifying that the Applicant believes in good faith that the matter raised is not frivolous. The requisite filing fee must also be submitted with any subsequent filings.
> 3. Any Applications submitted with properly notarized affidavits be submitted to the Chief Administrative Judge with the procedural history document to make a finding on whether the allegations are non-frivolous and proper for the Court before they are filed; and
> 4. The Clerk of Courts should be instructed to return all documents that do not comply with this order.

(See Dkt. No. 203-1 in 8:05-2523-RBH.) Plaintiff attached portions of that order to his Complaint in the case *sub judice*. (See Dkt. No. 1-1 at 4-8 of 34.)

(Dkt. No. 1 at 4 of 9.) Plaintiff contends that on May 12, 2014, "private citizen" Harry Lovelace "attempt[ed] to pay the illegal filing-fee," but Defendant McBee "informed Mr. Lovelace [that] Koon was banned from filing any documents directly with the Clerk['s] Office and must submit documents directly to [Defendant] Hayes." (Dkt. No. 1 at 5 of 9.) According to Plaintiff, Lovelace "forwarded [the] PCR/filing-fee to [Defendant] Hayes who forwarded them to Hon. J. Derham Cole." (Id.) Plaintiff complains that "[a]ll of the above acts are in direct contravention" of Judge Hayes' order, "which requires each action to be assigned a civil action number, then forwarded to [the] Chief Admin[.] Judge and then the Chief Admin[.] Judge must by written order decide whether (or not) to allow [the] PCR to proceed." (Id.) Plaintiff asserts that if this procedure had been followed, it "would allow Koon 'access to court'" because he could appeal the finding. (Id.) According to Plaintiff, Defendants McBee and Allen "have been contacted at least (7) times" in Plaintiff's attempt "to access the courts and both refuse to adhere to [the] 8/5/09 order," and Cole and Hayes "refuse to require them to adhere to the order [of] 8/5/09 or issue a written order" on Plaintiff's attempt to file another PCR proceeding. (Id. at 6 of 9.)

In his "second cause of action," Plaintiff complains about a provision of Judge Hayes' August 5, 2009, order requiring Plaintiff to pay $150 to file his PCR. (See id. at 7 of 9.) Plaintiff alleges this "judicially created filing fee" was created for the "sole purpose to deny indigent Koon access to the courts." (Id.) Plaintiff states, "The SC Legislature is the only body that can create, require or exact a filing fee for PCR and they have not done so." (Id.)

4

In his "third cause of action," Plaintiff alleges that Defendant McBee is "a[n] Order of Eastern Star member (a sister organization to the Masons to which her husband is a member)." (Id. at 8 of 9.) Plaintiff contends that Defendant McBee "has purposely acted to deny access to the courts as Koon has raised substantial juror/judicial misconduct . . ." (Id.) Plaintiff alleges that "state witnesses and jurors are members of the same Masonic lodge . . . and jurors concealed this fact" during voir dire, and "that Masonic brothers of her husband McBee committed jury tampering to which Masonic trial judge allowed." (Id.)

Although Plaintiff states on the first page of his Complaint that the instant action is a "DECLARATORY ACTION," in the "Relief" section of his Complaint, Plaintiff seeks (verbatim):

> I) order requiring Clerk of Court to allow Koon access to courts in accord w/ 8/5/09 order w/out judicially created filing fee
>
> II) order Chief Admin Judge issue a[n] order as to whether Koon can proceed.
>
> III) PCR be removed to federal court of equity under supplemental jurisdiction clause and PCR hearing held in federal court.

(Dkt. No. 1 at 9 of 9; see also id. at 1 of 9.)

## DISCUSSION

As noted above, Plaintiff has sued a state Circuit Court Judge as well as two judicial employees: a state Clerk of Court and Director of South Carolina Court Administration. Plaintiff wisely does not seek monetary damages from Defendants, as such a claim would be barred by the doctrines of judicial immunity and quasi-judicial immunity. See Mireles v. Waco, 502 U.S. 9 (1991); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been

5

settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions." (citations omitted)); <u>Wymore v. Green</u>, 245 F. App'x 780, 783 (10th Cir. 2007) (affirming district court's grant of absolute quasi-judicial immunity to the state court clerk, who allegedly refused to file the prisoner's court documents); <u>Montero v. Travis</u>, 171 F.3d 757, 760-61 (2d Cir. 1999); <u>see also Jackson v. Houck</u>, 181 F. App'x 372 (4th Cir. 2006) (judicial law clerk entitled to immunity for following the directive of a judge).

Instead, Plaintiff states that he seeks declaratory relief. (<u>See</u> Dkt. No. 1 at 1 of 9.) Generally speaking, courts have held that the doctrine of judicial immunity does not bar § 1983 suits seeking declaratory judgment. <u>Guillion v. Cade</u>, 449 F. App'x 340, 341 (5th Cir. 2011); <u>Johnson v. McCuskey</u>, 72 F. App'x 475, 477 (7th Cir. 2003); <u>Bolin v. Story</u>, 225 F.3d 1234, 1242 (11th Cir. 2000); <u>see also Allen v. Burke</u>, 690 F.2d 376, 378 (4th Cir. 1982) (holding, pre- <u>Pulliam v. Allen</u>, 466 U.S. 522 (1984), that "judicial immunity does not extend to injunctive and declaratory relief under 42 U.S.C. [§ ] 1983"). Although Plaintiff states that he seeks declaratory relief, what Plaintiff actually seeks–as revealed by the requests set forth in the "Relief" section of his Complaint–is injunctive relief. Plaintiff asks this Court to order the state court to accept his filing; such a request is a request for injunctive relief, not declaratory relief. <u>See Steffel v. Thompson</u>, 415 U.S. 452, 467, 471 (1974) ("[T]he express purpose of the Federal Declaratory Judgment Act (is) to provide a milder alternative to the injunction remedy . . . even though a declaratory judgment has the 'force and effect of a final judgment' . . . it is a much milder form of relief than an injunction. Though it may be persuasive, it is not ultimately coercive; noncompliance with it may be inappropriate, but it is not contempt."); <u>Ulstein Maritime, Ltd. v. United States</u>, 833 F.2d 1052, 1055 (1st Cir. 1987) ("Injunctions and declaratory judgments are different remedies.

An injunction is a coercive order by a court directing a party to do or refrain from doing something, and applies to future actions. A declaratory judgment states the existing rights in a controversy, but does not, in itself, coerce any party or enjoin any future action."); Olagues v. Russoniello, 770 F.2d 791, 803 (9th Cir.1985) (recognizing the "considerable difference between *ordering* a government official to conduct his activities in a certain manner, and simply *pronouncing* that his conduct is unlawful and *should* be corrected"); see also 12 JAMES MOORE, MOORE'S FEDERAL PRACTICE § 57.07 (2000) ("Declaratory and injunctive relief have may attributes in common . . . . Although the result may be similar in both types of actions because each involves a court determination regarding the propriety of a particular course of action, declaratory relief involves a lesser showing than injunctive relief, and does not contain the coercive element of an injunction.").

Because Plaintiff seeks injunctive relief in the case *sub judice*, and the doctrines of judicial immunity and quasi-judicial immunity bar Plaintiff's claim against these Defendants, the undersigned recommends dismissing the instant action without prejudice and without issuance and service of process. See Roth v. King, 449 F.3d 1272, 1286 (D.C. Cir. 2006); Lawrence v. Kuenhold, 271 F. App'x 763, 766 n.6 (10th Cir. 2008); see also Donato Malave v. Abrams, 547 F. App'x 346, 347 (4th Cir. 2013) (noting that the precedent established by Pulliam v. Allen, 466 U.S. 522 (1984), was "abrogated by the Federal Courts Improvement Act of 1996, Pub.L. No. 104–317, 110 Stat. 3847, which amended § 1983 and provided that 'injunctive relief [against a judicial officer] shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable'" (citation omitted)); Montero v. Travis, 171 F.3d 757, 761 (2d Cir. 1999) (barring injunctive relief against a quasi-judicial official).

## RECOMMENDATION

For the foregoing reasons, Plaintiff's Complaint should be summarily dismissed, without prejudice and without issuance and service of process.  Plaintiff's attention is directed to the important notice on the next page.

WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

July 7, 2014
Charleston, South Carolina

### Notice of Right to File Objections to Report and Recommendation

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting the advisory committee's note to Rule 72 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.")).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).