IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Robert Holland Koon, #227826, a/k/a Robert Koon a/k/a Robert H. Koon, | Civil Action No.: 2:14-cv-2663-RBH |
| Plaintiff, | **ORDER** |
| v. | |
| Brandy Walker McBee, J. Mark Hayes, and Desiree Allen, | |
| Defendants. | |

Plaintiff Robert Holland Koon, #227826, a/k/a Robert Koon a/k/a Robert H. Koon, ("Plaintiff"), a state prisoner proceeding *pro se*, brought this civil action against the above captioned Defendants pursuant to 42 U.S.C. § 1983 on July 1, 2014. *See* Compl., ECF No. 1. This matter is before the Court after the issuance of the Report and Recommendation ("R & R") of United States Magistrate Judge Wallace W. Dixon.[1]  *See* R & R, ECF No. 10. In the R & R, the Magistrate Judge recommended that the Complaint be summarily dismissed without prejudice and without service of process. *See id.* at 8. Plaintiff timely filed objections to the R & R on July 14, 2014. *See* Pl.'s Objections, ECF No. 13. Plaintiff also filed an Amended Complaint on that date. *See* Am. Compl., ECF No. 14. Plaintiff later filed two separate motions to amend the complaint, one on September 24, 2014, *see* ECF No. 18, and the other on October 7, 2014, *see* ECF No. 19.

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge's review of Plaintiff's complaint was conducted pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The district court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

## DISCUSSION

**I.     R & R and Plaintiff's Subsequent Filings**

In the R & R, the Magistrate Judge notes that Plaintiff asserts claims against a state Circuit Court Judge as well as two judicial employees (a Clerk of Court and a Director of South Carolina Court Administration). *See* ECF No. 10 at 5. He explains that Plaintiff cannot seek monetary damages, as judicial immunity and quasi-judicial immunity would protect these Defendants. *See id.* at 5–6. The Magistrate Judge notes that Plaintiff asserts that he only seeks declaratory relief, which

judicial immunity would not bar. *See id.* at 6. However, upon close review of the Complaint, the Magistrate Judge reasons that what Plaintiff actually seeks is injunctive relief, as he asks this Court to order that the state court accept his filings. *See id.* Unlike declaratory relief, Plaintiff's claim for injunctive relief is in fact barred by judicial and quasi-judicial immunity. *See id.* at 7. Accordingly, the Magistrate Judge recommends that this action be dismissed. *See id.* at 8.

Plaintiff timely filed objections. His first objection asserts that the undersigned improperly assigns himself to Plaintiff's cases.[2] *See* ECF No. 13 at 1. Plaintiff also contends that, in response to the R & R, he "deletes" all claims for injunctive relief and proceeds solely under the Federal Declaratory Judgment Act. *See id.* He asserts that he only seeks declaratory relief and that this moots the R & R. *See id.*

Plaintiff also filed an Amended Complaint in conjunction with his objections. The Amended Complaint seeks to add the Honorable Jean Toal, Chief Justice of the Supreme Court of South Carolina; Alan Wilson, Attorney General of South Carolina; and Donald Zelenka, Deputy Attorney General of South Carolina. *See* ECF No. 14 at 1. Plaintiff alleges that these defendants have acted under color of state law to deprive him of equal protection, refusing to apply certain Supreme Court precedent to Plaintiff's case. *See id.* at 1–2. Plaintiff then argues that Defendant Zelenka tricked the Court into adopting an order providing that Plaintiff's guilty plea was freely and voluntarily entered. *See id.* at 2–3. Plaintiff also accuses Chief Justice Toal of refusing to rule on certain issues in his case. *See id.* at 3. Finally, Plaintiff argues that Attorney General Wilson acted in concert with Zelenka. *See id.* at 4. Plaintiff requests that this Court declare the acts of these Defendants to be unconstitutional. *See id.*

---

[2] The undersigned notes that he plays no role in the process of case assignments and thus this objection is without merit.

3

Plaintiff also attached an amended petition for relief. He reiterates that he is now proceeding solely under the Federal Declaratory Judgment Act. *See* ECF No. 14-1 at 1. Plaintiff requests that the Court declare that: (1) Defendants' creation of a filing fee is a violation of separation of powers, (2) Defendants denied him access to the courts, (3) Defendants denied him equal protection of the law, (4) Defendants denied him a forum in which to challenge his guilty plea, (5) that his conviction for juror misconduct be removed to federal court as the state has denied him access to state courts, and (6) the acts of Defendants are in violation of federal law and should be forwarded to the Department of Justice for a Criminal Investigation. *See id.* at 1–3.

Plaintiff later filed two separate motions to amend the complaint. In the first motion, Plaintiff sought to add an additional claim against Chief Justice Toal and Chief Judge Traxler of the Fourth Circuit Court of Appeals (who he seeks to add as a Defendant), alleging that they acted in a conspiracy with Judge Hayes to deny him access to the courts. *See* ECF No. 18 at 1. Plaintiff also alleges that Defendant Zelenka and William Salter (who he also seeks to add as Defendant), also with the Attorney General's Office, participated in this conspiracy. *See id.* at 1–3. In the second motion, Plaintiff again claims that Chief Justice Toal denied him access to the Courts. *See* ECF No. 19 at 1. Plaintiff also asserts that she violated his equal protection rights by denying a motion to recuse. *See id.* Finally, Plaintiff argues that Circuit Court Judge J. Derham Cole (who he seeks to add as a Defendant), also conspired with the Attorney General's office and Judge Hayes to deny him access to the courts. *See id.* at 2–3.

## II.   Analysis

In his objections to the R & R, Plaintiff does not seriously contest the Magistrate Judge's findings. Rather, he simply argues that he seeks declaratory relief instead of injunctive relief. The

Court finds that this objection is unavailing. It does not matter what Plaintiff calls the relief he seeks, the Complaint clearly requests that the Court issue an order requiring the state court to accept his filings, which is injunctive in nature. Plaintiff's Amended Complaint (and subsequent motions to amend), however, requires the Court to analyze his allegations anew.

Plaintiff's Amended Complaint (and his motions to amend) requests that this Court declare various past actions of the Defendants to be improper. The Court notes, however, that while declaratory relief may be available in some instances, this is not such a situation. "'A declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some <u>future</u> conduct, not simply to proclaim liability for a past act.'" *Abebe v. Seymour*, No. 3:12-377-JFA-KDW, 2012 WL 1130667, at *3 (D.S.C. Apr. 4, 2012) (quoting *Lawrence v. Kuenhold*, 271 F. App'x 763, 766 (10th Cir. 2008)) (internal quotation marks omitted) (emphasis added). In other words, "'[d]eclaratory judgments are designed to declare rights so that parties can conform their conduct to avoid future litigation,' and are untimely if the questionable conduct has already occurred or damages have already accrued." *Tapia v. U.S. Bank, N.A.*, 718 F. Supp. 2d 689, 695 (E.D. Va. 2010) (quoting *The Hipage Co., Inc. v. Access2Go, Inc.*, 589 F. Supp. 2d 602, 615 (E.D. Va. 2008)). Although Plaintiff argues that he is proceeding under the Federal Declaratory Judgment Act, *see* 28 U.S.C. § 2201, his Amended Complaint does not anticipate future conduct. Rather, it seeks a remedy for alleged wrongs that occurred during his previous litigation before the state courts; namely, that the Court declare various past actions of the Defendants to be in violation of the Constitution. As a result, this action is not a proper one for declaratory relief, and as outlined above, this action falls squarely within the category of cases barred by judicial and quasi-judicial

immunity for Defendants Hayes, McBee, Allen, and Toal, as well as proposed Defendant Cole. See ECF No. 10 at 8.

Likewise, with regard to the Attorney General's Office Defendants (Wilson, Zelenka, and proposed Defendant Salter), Plaintiff's claims also fail. The Attorney General and his Deputy/Assistant Attorney Generals are entitled to prosecutorial immunity from liability for damages for activities intimately associated with the judicial phase of the criminal process. *See Williams v. Condon*, 553 S.E.2d 496, 509 (S.C. Ct. App. 2001). Prosecutorial immunity, however, does not protect prosecutors from suits seeking declaratory or injunctive relief. *See Supreme Court of Va. v. Consumers Union of the U.S., Inc.*, 446 U.S. 719, 736–37 (1980) (citation omitted). However, claims for injunctive or declaratory relief that challenge the validity of a conviction or sentence are not cognizable in a civil rights case. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (finding that a prisoner has no cognizable claim under 42 U.S.C. § 1983 if a favorable result would question the validity of a conviction or sentence, unless the prisoner can demonstrate the conviction or sentence has been invalidated); *see also Crump v. Morton–Smith*, No. 3:10–cv–00788, 2010 WL 4719383, at *5 (S.D.W. Va. Oct. 19, 2010) ("Voiding the plea agreement would in essence reverse Plaintiff' conviction. Plaintiff cannot seek a reversal of his conviction through a civil rights action."). Here, Plaintiff's allegations regarding the Attorney General's Office Defendants all relate to his plea agreement, and as a remedy Plaintiff asserts that the Court should declare his guilty plea to have been involuntary. *See* ECF No. 14 at 5. Accordingly, his claims against these Defendants fail in light of *Heck*. Furthermore, as noted above, Plaintiff may not seek declaratory judgment regarding alleged past violation of federal law. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 73 (1996) (holding that a plaintiff may bring suit "'against a state official

when that suit seeks only prospective injunctive relief in order to 'end a <u>continuing</u> violation of federal law'" (quoting *Green v. Mansour*, 474 U.S. 64, 68 (1985)) (emphasis added)).

In light of the above, the Court finds that Plaintiff's Amended Complaint should be dismissed without prejudice and without service of process. Plaintiff's motions to amend merely seek to add additional Defendants and claims which would be futile and also fail for the reasons articulated in this order. Accordingly, those motions should be denied.

## CONCLUSION

The Court has thoroughly reviewed the entire record, including Plaintiff's Complaint, the R & R, Plaintiff's objections to the R & R, Plaintiff's Amended Complaint, and Plaintiff's motions to amend. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R & R, as modified. The R & R is modified to add the additional analysis regarding Plaintiff's Amended Complaint and his motions to amend.

**IT IS THEREFORE ORDERE**D that Plaintiff's Amended Complaint is **DISMISSED**, *without prejudice* and without service of process. **IT IS FURTHERER ORDERED** that Plaintiff's motions to amend are **DENIED**.

**IT IS SO ORDERED.**

 s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
May 6, 2015